Taft, J.
The question to be determined is whether an action to recover for claimed negligence in a particular territory, where such negligence is claimed to have proximately caused injury in that territory, is an action in which “the subject matter of the action * * * is located within” such “territory,” as those words are used in Section 1901.19 (D), Revised Code.
It would seem obvious that it is. However, defendant contends that, because the action is a transitory action and may be brought wherever the defendant may be served with process, the subject matter of the action is not located within such territory.
*183 In Loftus v. Pennsylvania Rd. Co. (1923), 107 Ohio St., 352, 357, 140 N. E., 94, it is stated:
“Causes have been arbitrarily classified as either local or transitory. By the early common law all causes were necessarily local, because they were all triable by jury, and the jury had to be drawn from the vicinage, and jurors were not only the judges, but witnesses, of the facts. Debtors soon learned to take advantage of this fact, and by fleeing from the neighborhood made it impossible to try cases against them at all. It therefore became necessary to make all actions transitory. It was soon found again that actions affecting land, whether the title was involved, or the question was one of damages for trespass or waste, could not effectively be heard, or at least the judgment could not be effectively enforced, except at the location of the land. This gave rise to the aforesaid classification.”
In Genin v. Grier (1840), 10 Ohio, 209, 211, it is said:
“* * * originally, all actions were tried in the proper counties in which the causes of action arose. Hence, originally, * * * all actions were local. * * * but when # * * men used to fly from their creditors * * * this begot the distinction between local and transitory actions, .the first relating to lands, which must be tried where the land lies; the other, a debt or duty adhering to the person wherever he fled.” (Emphasis added.)
It is thus apparent that, historically, an action was classified as transitory merely to enable its prosecution in a locality other than the locality in which its cause arose. Therefore, it would obviously represent a perversion of the purpose of the classification of actions to hold that the subject of a transitory action was not located within the territory where its cause arose.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Matthias, Badclife and O’Neill, J«J., concur.
Badclife, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.